UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LYDIA TERRY DOMINELLI,

                        Plaintiff,

    -against-                                    1:15-cv-0087 (LEK/CFH)

NORTH COUNTRY ACADEMY, *et al.*,

                        Defendants.

## **MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff Lydia Terry Dominelli ("Plaintiff") commenced the present action against Defendants North Country Academy ("North Country"), Kate Woods ("Woods"), and Sandra Venditti ("Venditti")[1] (collectively "Defendants") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' Motion to dismiss. Dkt. Nos. 5 ("Motion"); 5-4 ("Memorandum"). For the following reasons, the Motion is granted, and Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

---

[1] Plaintiff did not specifically name Venditti in her complaint, instead naming as her third Defendant "Sandy." Dkt. No. 1 ("Complaint") at 2. Defendants' Motion to dismiss assumes, upon information and belief, that "Sandy" is Sandra Venditti, the former assistant director of North Country. Dkt. No. 5-4 ("Memorandum") at 5-6. Plaintiff's Response refers specifically to Venditti without explicitly confirming Defendants' assumption. Dkt. No. 20 ("Response") at 2. Therefore, the Court assumes that Venditti is the third named Defendant in this action.

## II. BACKGROUND[2]

Plaintiff is a Type 1 diabetic. Compl. at 2. She was employed by North Country from at least October 1, 2013 to April 11, 2014. Dkt. No. 20 ("Response") at 6-12.[3] No mention is made by either party as to whether Plaintiff is still employed by North Country or under what circumstances Plaintiff's employment may have ended. Plaintiff alleges that during her interview at North Country with Venditti, she mentioned that she would need a lunch break between 11:30 and 1:30. Id. at 2. Venditti told her that this was not a problem and not to disclose it when filling out the disability section of her application. Id.

Plaintiff claims that she was given a lunch break after 2:00 "throughout my employment" at North Country. Compl. at 3. Plaintiff requested an earlier lunch break, but her request was ignored. Id. at 4, Resp. at 2. On one occasion, Plaintiff claims that she was denied an earlier lunch break because "there was someone who . . . started earlier who had not eaten," but the employee named started at the same time as Plaintiff had that day. Resp. at 2. During Plaintiff's first employment review, Venditti "screamed" at Plaintiff that she was not interacting with the children. Id. During a subsequent review where Plaintiff was called into Woods's office, she was given similar feedback,

---

[2] Because this case is before the Court on a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor"). Furthermore, as Plaintiff is proceeding *pro se*, the Complaint "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

[3] Defendants have moved to disallow the Response and all content therein due to its untimeliness. This issue is addressed in Part III.A, *infra*. Citations to the Response refer to the pagination provided by ECF.

and when she asked for details, the only example provided regarded Plaintiff's inability to interact with children while eating a snack. Compl. at 3. Plaintiff also alleges that the assistant director refused to allow Plaintiff to use the restroom in March 2014. Id. at 4.

Plaintiff initiated an administrative proceeding with the EEOC, which was closed without action due to insufficient information to establish a violation of the ADA. Id. at 6. She commenced the instant action on January 26, 2015, attaching her right-to-sue letter, which was dated October 31, 2014. Id. at 5-6. Plaintiff's causes of action, construed liberally, state that she was discriminated against due to her medical need for an early lunch break and that her employer's actions constituted a failure to accommodate due to her Type 1 diabetes and rose to the level of constructive termination in violation of the ADA.

Defendants filed a Motion to dismiss on March 31, 2015. Mot. Defendants first claimed that Plaintiff had failed to properly serve any of the Defendants. Mem. at 5.[4] A process server served Heidi Epting ("Epting"),[5] the current assistant director of North Country, on behalf of North Country on March 12, 2015, and later served Woods on March 20. Dkt. Nos. 5-2 ("Epting Affidavit") ¶ 2; 5-3 ("Woods Affidavit") ¶ 3. According to both Woods and Epting, the Summons was not served on them with a copy of the Complaint. Epting Aff.; Woods Aff. Defendants further noted that Venditti had never been served. Mem. at 9. Defendants also moved to dismiss the claims against the individual Defendants, alleging that the ADA prohibits employment claims against individual defendants and that Plaintiff had failed to plead sufficient personal involvement under § 1983. Id. at 9-11. Finally, Defendants also claimed that Plaintiff's Vomplaint failed to state a cause

---

[4] The pagination corresponds to the page numbers assigned by ECF.

[5] Epting is not named as a defendant herein.

3

of action upon which relief can be granted. Id. at 12-15. Defendants noted that Plaintiff had not pleaded sufficient facts to prove that she qualified as disabled under the ADA and that no adverse employment action had been identified.

On May 13, 2015, Plaintiff untimely filed a Response in opposition to Defendants' Motion. Resp. In addition to restating the facts pleaded in the Complaint, she included additional information regarding specific incidents related to her lunch break. Id. at 2. Plaintiff mentions that she "could see no reason to escalate my complaint within the company" as "[a]ll employees were treated poorly," and thus sought another job. Id. at 4. She also briefly discussed her Type 1 diabetes and its impact on her life. Id. Plaintiff attached timesheets from October 1, 2013 to April 11, 2014 that indicated for each day if and when she had a break for lunch. Id. at 6-12. She also attached the affidavits of service from her process server, id. at 16-17, as well as two doctors' notes from April and May 2015 indicating that Plaintiff should be allowed certain reasonable accommodations, id. at 18-19.

Defendants filed a Reply on May 18, 2015 claiming that Plaintiff's Response was untimely and that Plaintiff failed to address Defendants' arguments about (1) deficient service of process, (2) individual liability, and (3) any adverse employment action. Dkt. Nos. 24 ("Reply"); 25 ("Reply Memorandum"). Plaintiff submitted a Letter on May 21, 2015 stating that she spoke to the Clerk's Office and was told that she had until the week of May 15, 2015 to submit a response. Dkt. No. 27 ("Letter").[6]

---

[6] Plaintiff also submitted a Letter on May 27, 2015 which appears to seek amendment of her prior Letter regarding timeliness. Dkt. No. 28. Since both Letters raise the same arguments, the Court will refer to the May 21, 2015 Letter as operative.

**III. DISCUSSION**

**A. Timeliness of Response**

Defendants, in their Reply Memorandum, note that Plaintiff's deadline to respond to their Motion to dismiss was April 28, 2015. Reply Mem. at 1. Plaintiff's Response was filed on May 13, 2015.

It is well established that *pro se* plaintiffs are not excused from complying with procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). However, a court is expected to "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996); accord Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 n.6 (2d Cir. 2006).

In the instant case, Plaintiff claims that she "asked the court clerk about replies and timing." Dkt. No. 27 at 1. She was told that the deadline to file a response was "the week of May 15, 2015." Id. Given that the return date for this Motion was May 15, 2015, Plaintiff has plausibly argued that she believed in good faith that the deadline to respond was May 15, 2015. Her failure to comply with the actual deadline was plausibly a result of confusion by the Court or in the Court's communications with Plaintiff, a scenario directly contemplated by the doctrine of equitable tolling. See Edinboro v. Dep't of Health and Human Servs., 704 F. Supp. 364, 366 (S.D.N.Y. 1988) (outlining four cases in which equitable tolling would be appropriate, including "where the court has led the plaintiff to believe that plaintiff had done everything required" (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984) (per curiam))). Defendants had an opportunity

to reply on the merits to Plaintiff's Response and did so. Reply. Furthermore, Plaintiff's Response includes substantial factual information relevant to the disposition of her claims. The Court will therefore, in the interests of justice, consider Plaintiff's Response and all attached exhibits as timely.

**B. Service of Process**

"A summons must be served with a copy of the complaint." FED. R. CIV. P. 4(c)(1). The plaintiff bears the burden of establishing the validity of service once it has been challenged. Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)). "On review of a motion challenging service of process, the court considers the parties' pleadings and affidavits in the light most favorable to the non-moving party." Gross Found., Inc. v. Goldner, No. 12 Civ. 1496, 2012 WL 6021441, at *2 (S.D.N.Y. Dec. 4, 2012) (quoting Krape v. PDK Labs Inc., 194 F.R.D. 82, 84 (S.D.N.Y. 1999)). In determining whether service was proper, "the court 'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service." Flemming v. Moulton, No. 13-CV-1324, 2015 WL 5147035, at *4 (N.D.N.Y. Sept. 1, 2015) (quoting C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc., 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005)). Failure to serve a copy of the complaint with the summons has been interpreted in other courts as grounds for dismissal or quashing service. See, e.g., Macaluso v. N.Y. State Dep't of Envtl. Conservation, 115 F.R.D. 16, 18-19 (E.D.N.Y. 1986) (quashing service for both improper method of service and omitting complaint); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (dismissing complaint, without prejudice, due to process being served by party as well as omission of complaint). "[T]he Court has discretion to dismiss the action, but dismissal is not mandatory." Western Sur. Co. v. Bykev Int'l Inc., No. 14-cv-9673, 2015 WL 5146112, at *2 (S.D.N.Y. Sept. 1, 2015) (quoting Darden v. DaimlerChrysler N.

Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)); see also Flemming, 2015 WL 5147035, at *3, *6 (when defect was easily curable and defendants would suffer minimal prejudice from allowing plaintiff to cure, plaintiff was merely ordered to properly serve defendants within forty-five days); Macaluso, 115 F.R.D. at 20 (retaining case and allowing plaintiff twenty days to properly serve defendants because "there is a reasonable prospect that plaintiff[s] ultimately will be able to serve defendants properly" (alteration in original)). If a complaint is dismissed, it is typically without prejudice absent unusual circumstances. Blasio v. N.Y. State Dep't of Corr. Servs., No. 04-CV-653S, 2005 WL 2133601, at *5 (W.D.N.Y. Aug. 31, 2005).

Defendants simply note that the Summonses served on both Woods and Epting were not accompanied by copies of the Complaint, and that this renders Plaintiff's service improper.[7] In response to Defendants' claim that service was not properly effectuated, Plaintiff provided affidavits of service for both Epting and Woods. Resp. at 16-17. However, both affidavits merely state that the server, Art Clay, "served a Summons in a Civil Action in the above entitled proceeding." Id. As a result, Plaintiff has failed to provide evidence that Defendants were served with a copy of the Complaint. The Court therefore finds that Plaintiff's service of both North Country and Woods is deficient.[8]

The Court has discretion to either dismiss the action or quash service and direct Plaintiff to

---

[7] Defendants do not argue in this case that the Summons served on either Woods or Epting was deficient in any way or that service was otherwise deficient. FED. R. CIV. P. 12(b)(4). Indeed, upon review of the papers attached to Woods's or Epting's affidavits, it appears that Plaintiff's Summonses are sufficient to give notice to Defendants of the suit and comply with the technical requirements of Rule 4(a)(1). Epting Aff. at 3-5; Woods Aff. at 3-5.

[8] Since Venditti was not served at all and Plaintiff does not contest that fact, the Court also finds that service of Venditti was deficient. Mem. at 9.

properly serve Defendants. Defendants do not claim that they were deprived of notice or otherwise substantially prejudiced by the failure to receive hard copies of the complaint. Cf. Dkt. No. 5-1 ("Moore Affidavit") at 2 ("Counsel for Defendants has only been able to access the Complaint via the ECF Docket in this case, not because Plaintiff has served same on any of the Defendants."). Given that "there is a reasonable prospect that plaintiff[ ] ultimately will be able to serve defendants properly," Macaluso, 115 F.R.D. at 20, retaining the action would be proper. However, due to the following deficiencies in Plaintiff's Complaint, the Court will instead dismiss the action without prejudice and with leave to amend and re-serve.

### C. Failure to State a Claim

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing

8

Twombly, 550 U.S. at 555).  Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal.  See id. at 678-79.

### 1. Failure To Accommodate

"Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 . . . (1973)."  McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009).  To state a *prima facie* case under the failure to accommodate standard, a plaintiff must demonstrate that "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations."  McMillan v. City of New York, 711 F.3d 120, 125-26 (2d Cir. 2013); see also Turner v. Concourse Village, Inc., No. 12 Civ. 8739, 2016 WL 345575, at *3 (S.D.N.Y. Jan. 27, 2016).

Plaintiff has failed to establish the first three prongs of this test.  First, Plaintiff has not plausibly established that her Type 1 diabetes constitutes a disability.  The inquiry into whether a person is disabled "requires an 'individualized and fact-specific' examination."  Krikelis v. Vassar Coll., 581 F. Supp. 2d 476, 485 (S.D.N.Y. 2008) (quoting Colwell v. Suffolk Cty. Police Dep't, 158 F.3d 635, 643 (2d Cir. 1998)).  A disability is defined as a physical or mental impairment, or a record thereof, "that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).  Plaintiff claims that the impairment of her immune and endocrine systems as a result of her diabetes count as major life activities and are thus covered as a disability.

9

Resp. at 2.  Diabetes is often held not to constitute a disability, particularly if symptoms are sporadic or can be controlled by minor changes in lifestyle.  Krikelis, 581 F. Supp. 2d at 485-86 (collecting cases).  While this question is a close one, Plaintiff's claims regarding her disability are better characterized as conclusory as they merely restate the major life activities listed in 42 U.S.C. § 12102.  As a result, the Court does not at this time find Plaintiff to have a disability for purposes of the ADA.

Turning to the second prong, while she does demonstrate that she gave sufficient notice to Venditti about her need for accommodations, she does not establish that the ADA definition of employer applies to North Country.  Resp. at 2; see also 42 U.S.C. § 12111(5) (discussing requirements for employers, such as having 15 or more employees for each working day in 20 or more calendar weeks, and engaging in an industry affecting commerce).  Plaintiff is advised that she will need to allege that North Country is an employer subject to the ADA to make a *prima facie* case for ADA liability.

Furthermore, Plaintiff has also not sufficiently pled that she could, with reasonable accommodation, perform the essential functions of the job at issue.  She has made no indication that she had gotten positive feedback at any point during her employment with North Country or that she had prior experience in similar employment elsewhere.

Plaintiff has, however, established the fourth prong of this test.  Plaintiff has pled numerous facts that indicate that North Country refused to honor her early lunch hour.  In addition to the meetings mentioned in the Complaint and the Response, Compl. at 3; Resp. at 2, Plaintiff has attached timesheets with lunch breaks included, Resp. at 6-12.  While Plaintiff's lunch breaks before 1:30 (her stated cutoff) outnumber her lunch breaks taken after 2:00, most of Plaintiff's lunch breaks

in January and February of 2014 were taken after 2:00. Id. at 9-11.

Although Plaintiff has satisfied this prong, she has still fallen short of establishing a prima facie case that Defendants failed to accommodate her disability under the ADA. Therefore, Plaintiff's claim for failure to accommodate must be dismissed for failure to state a claim upon which relief can be granted.

### 2. *Disability Discrimination*

In order to state a *prima facie* case under the ADA's disability discrimination framework, a plaintiff must be able to show that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." Karam v. County of Rensselaer, No. 13-cv-1018, 2016 WL 51252, at *17 (N.D.N.Y. Jan. 4, 2016) (quoting McMillan, 711 F.3d at 125).

Here, Plaintiff has not proven a single prong of this test. Deficiencies in the first three prongs are the same as mentioned above. Perhaps most importantly, though, Plaintiff does not at any point allege an adverse employment action of any kind. Neither party has mentioned whether Plaintiff is still working at North Country or, if she is not, under what circumstances she left. Plaintiff does mention several meetings where she was criticized, sometimes sharply, but she does not mention ever being formally disciplined as a result of her snack breaks. Without specific facts regarding Plaintiff's potential termination, resignation, or discipline, it is impossible for the Court to assess whether her disability was the root cause of an adverse employment action. As a result, Plaintiffs' ADA claims must be dismissed for failure to state a claim upon which relief can be granted.

*3. Opportunity to Amend and Individual Liability*

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Given Plaintiff's timesheets, which do show that her lunch was frequently later than 2:00pm for a period of time, and that neither party has discussed whether (and if so, how) Plaintiff's employment with North Country has ended, among other things, the Court finds several indications that Plaintiff may indeed have a valid claim under the ADA.[9] As a result, Plaintiff will be granted an opportunity to file an amended complaint. Any amended complaint submitted by Plaintiff must set forth all of the specific facts Plaintiff knows or believes to be true to support her claim that she was disabled within the meaning of the ADA and that North Country either failed to accommodate her disability or wrongfully took an adverse employment action against her. Iqbal, 556 U.S. at 663. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original Complaint, must also be a complete pleading which sets forth all of all of the claims that Plaintiff wants the Court to consider as a basis for awarding relief.

However, Plaintiff's causes of action under the ADA both foreclose individual liability. While the Second Circuit has not yet addressed directly whether Title I of the ADA provides for

---

[9] Because Defendant North Country is a private entity and not a state actor, Plaintiff is unable to state an equal protection or due process claim directly under 42 U.S.C. § 1983 as a matter of law against North Country or any of its employees arising from failures to accommodate or adverse employment actions. Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008); see also Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

individual liability,[10] many other courts, including this one, have consistently held that it does not. See, e.g., Arcuri v. Schoch, No. 15-cv-798, 2015 WL 5652336, at *5 (N.D.N.Y. Sept. 24, 2015) (collecting cases); Epstein v. County of Suffolk, No. 14-cv-0937, 2015 WL 5038344, at *5 (E.D.N.Y. Aug. 26, 2015). Individual Defendants Woods and Venditti are therefore dismissed from this action. Plaintiff is advised that as a result, if she files an amended complaint, it only needs to be properly served on North Country.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 5) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** without prejudice and with leave to amend; and it is further

**ORDERED**, that the Clerk terminated Kate Woods and Sandy LNU as Defendants in this action; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, she must file an amended complaint as set forth above **within thirty (30) days** of the filing date of this Memorandum-Decision and Order. Plaintiff is advised that if she files an amended complaint, she will need to plead specific facts that she knows or believes to be true regarding Defendants' actions as well as her disability within the meaning of the ADA in order to withstand the arguments Defendants have

---

[10] The legal standard for individual liability under the ADA is considered analogous to that in Title VII, which uses the identical definition of "employer." 42 U.S.C. §§ 2000e, 12111. The Second Circuit has determined that individuals are not liable for damages under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995).

13

raised in the instant Motion to dismiss; and it is further

**ORDERED**, that upon the filing of an amended complaint, the Clerk shall reissue a Summons for Defendant North Country Academy and provide it to Plaintiff so that she may serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure;[11] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	February 16, 2016
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[11] Plaintiff is advised that for service to be proper, she must ensure that the Summons is served with a copy of her amended complaint.